## SPILLERS v. UNITED STATES.
### No. 5985.

Circuit Court of Appeals, Fifth Circuit.
March 18, 1931.

Jesse E. Martin, of Fort Worth, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., Fred Horowitz, Sp. Asst. to the Atty. Gen., and A. M. Mood, Asst. U. S. Atty., of Fort Worth, Tex., for the United States.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

FOSTER, Circuit Judge.

Appellant was convicted on ten counts of an indictment which in appropriate language charged him with mailing and causing to be mailed ten letters containing described checks in furtherance of a scheme to defraud by the sale of a food vending machine called the "Automatic Inn," and the payment of fictitious profits to induce further purchases in violation of section 215, U. S. Criminal Code (18 USCA § 338). Error is assigned to the refusal of a directed verdict.

We may assume that the scheme alleged was fraudulent and that the proof supports that conclusion. But it is the mailing of the letters that constitutes the crime. As to the mailing of the letters the undisputed facts are these: Five checks, for small amounts, drawn by the Automatic Inn Company, signed by appellant as secretary-treasurer, on the Dallas National Bank, purporting to be for 20 per cent. of the monthly sales of one of the food vending machines, were sent to Mrs. M. L. Oliver at Weatherford, Tex. Her daughter received them and deposited them in the First State Bank of Weatherford. That bank in turn sent them to the First National Bank of Fort Worth. An officer of the First State Bank testified that in the usual course of business the checks would be sent by mail. There was no other evidence of the mailing by anyone. It was not shown that the bank was the agent of appellant or had any dealings with him or the Automatic Inn Company. The evidence as to the other five letters is practically similar.

No doubt the statute is to be broadly interpreted to effect the intent of Congress. The general rule may be deduced from the reported cases that whenever a person puts in motion a train of circumstances that will inevitably cause the mailing of a letter as a necessary step in a fraudulent scheme he may be

found guilty of causing the letter to be mailed on sufficient proof of knowledge and intent. U. S. v. Kenofskey, 243 U. S. 440, 37 S. Ct. 438, 61 L. Ed. 836. However, it is not every incidental use of the mail that occurs as a result of the scheme that would constitute a violation of the law. The letter must be knowingly mailed or be caused to be mailed in furtherance of the scheme by the defendant.

On the undisputed facts in the record there is nothing to show that appellant knew, or had any reason to know, or intended that any of the parties to whom checks were sent would deposit them in banks which would in turn mail them to Fort Worth or Dallas for collection or that he in any way induced the deposits. So far as he was concerned, his scheme was complete when he sent the checks to the purchasers of the machines. It cannot be said on the facts in this case that he knowingly caused the letters to be mailed as charged. It was error to deny the motion for verdict.

There are other errors assigned, but as the judgment must be reversed for the error above noted, it is unnecessary to consider them.

Reversed.