MITCHELL et al. v. UNITED STATES.

No. 2207.

Circuit Court of Appeals, Tenth Circuit.

March 18, 1941.

654

C. Ray Smith, of Santa Fe, N. M. (Hugh B. Woodward and R. F. Deacon Arledge, both of Albuquerque, N. M., on the brief), for appellant.

Everett M. Grantham, U. S. Atty., of Sante Fe, N. M. (Gilberto Espinosa, Asst. U. S. Atty., of Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This appeal brings here for review the conviction and sentence of H. Dulaney Mitchell upon the first count of an indictment charging a violation of the mail fraud statute, section 215 of the Criminal Code, 18 U.S.C.A. § 338. The count charged that, having devised and intending to devise a scheme to defraud and to obtain money and property from Alma E. Doering by false and fraudulent pretenses, representations and promises, appellant stated to her that he represented a major oil company and was authorized to purchase oil leases for it; that he presented to her a false and fictitious letter purporting to be from the company giving him such authority; that he represented that the company had fixed a value of $50 per acre on oil leases covering land in Chaves County, New Mexico; that he had a client in Camden, New Jersey, who was a barber and who owned a lease covering 80 acres of such land; that he could sell such lease to the victim for $10 per acre and that the oil company would purchase it from her at $50 per acre; that in order to further induce her to purchase the lease covering the land in Chaves County, he represented to her that the company would purchase from her certain leases which she owned covering land in San Miguel County, New Mexico, at $25 per acre, or a total consideration of $4,000; that if she would purchase the lease covering the land in Chaves County at $10 per acre, he would see that a check of the company for $4,000 would be given her in a few days; that all of such representations and pretenses were false and fraudulent, and were made with the intent and purpose of securing sums of money from the victim; and that appellant was actually engaged in finding purchasers for leases on land in New Mexico owned by one Dorothy Heard. It was further charged that for the purpose of executing such scheme, appellant caused to be delivered by mail to the Commissioner of Public Lands of the State of New Mexico, at Santa Fe, an envelope containing an assignment of an oil and gas lease signed by Dorothy Heard.

It is contended that the trial court erred in refusing to direct a verdict of not guilty for the reason that the scheme laid in the indictment had terminated at the time the mails were used. There was no conflict in the evidence. Alma E. Doering resided at Germantown, Pennsylvania, and she owned oil leases covering land in San Miguel County, New Mexico. Appellant called on her at her home, introduced himself as H. D. Morton, stated that he represented a major oil company, exhibited a letter which purported to be from such company, examined her leases, and said that his company would pay $25 per acre for them. She replied that she did not expect to sell all of them for that price but would sell half of them. He then stated that he had a proposition to make, but he apparently left without making it. He returned later, and on that occasion represented to her that he could buy from a person in Camden, New Jersey, a lease covering 80 acres at $10 per acre and that his company would buy it for $50 per acre, and he asked her to advance $800 with which to buy it. She stated that she had only $600. He took $200 out of his pocket and said that he would furnish that amount. The two went to the bank together. She obtained $600 in cash and delivered it to him. He left with the statement that he was going to Camden to get the lease. He returned an hour or more later with a written assignment signed by Dorothy Heard, assigning to the victim a lease covering 80 acres of land in Chaves County. He delivered the assignment to the victim, and stated that it would have to be recorded and that she would have to write the letter. He then gave her $5 with which to pay for the recording, they went to the post office together, she mailed the assignment to the Commissioner of Public Lands of New Mexico, he left, she did not see him again, and she never got the check.

That Alma E. Doering was cheated and defrauded in a brazen manner is clear beyond doubt. But it must be kept in mind that the indictment did not undertake to charge in any form a general

continuing scheme to defraud various persons, including Alma E. Doering, and the use of the mails during its life. Neither did it charge a continuing conspiracy to use the mails to promote such a scheme. Instead, it charged a specific scheme for the exclusive purpose of defrauding only one person out of money and property, and the proof showed a scheme to defraud her out of a definite sum in money. The scheme, as laid in the indictment and established by the proof, was consummated and completed when appellant received the money from her. The mails had not been used up to that time. It was after the receipt of the money, after the two had separated, after he had been gone for an hour or more, and after he had returned and delivered the assignment to her that the envelope was deposited in the post office for transmission and delivery to the addressee. The use of the mails after a scheme of the kind and nature charged and established here has been fully consummated and completed in all of its parts cannot be in furtherance of such scheme, within the intent and meaning of section 215, supra. McNear v. United States, 10 cir., 60 F.2d 861; Armstrong v. United States, 10 Cir., 65 F.2d 853; Little v. United States, 10 Cir., 73 F.2d 861, 96 A.L. R. 889; Merrill v. United States, 9 Cir., 95 F.2d 669; Stewart v. United States, 8 Cir., 119 F. 89.

■ The government contends very earnestly that the scheme charged in the indictment necessarily contemplated the recording of the assignment in the office of the Commissioner of Public Lands; that appellant intended to deliver the agreed title, that is, a lease assignment properly approved by the commissioner and recorded in his office; and that the mails were used to accomplish that part of the scheme. An entirely different situation would be presented if the indictment charged in any form that the scheme included the approval and recordation of the assignment. But in charging the nature of the scheme, the indictment was utterly silent in that respect. It therefore cannot be said that approval and recordation were necessarily a part of the scheme, and that the mails were used in furtherance of that part. To so hold would be the equivalent of reading language into the indictment. The rule of general approval that all parts of an indictment should be taken into consideration and that it should be reasonably construed does not warrant a court in supplying omitted language which is essential to a necessary element of the offense.

■ The government seeks to invoke the rule that the sending of a so-called lulling communication through the mails after the victim has parted with money or something else of value constitutes an offense within the statute. Preeman v. United States, 7 Cir. 244 F. 1, certiorari denied 245 U.S. 654, 38 S.Ct. 12, 62 L.Ed. 533; Newingham v. United States, 3 Cir., 4 F.2d 490, certiorari denied 268 U.S. 703, 45 S.Ct. 638, 69 L.Ed. 1166; Lewis v. United States, 9 Cir., 38 F.2d 406; Bogy v. United States, 6 Cir., 96 F.2d 734, certiorari denied 305 U.S. 608, 59 S.Ct. 68, 83 L.Ed. 387; Creech v. Hudspeth, 10 Cir., 112 F.2d 603. That rule has appropriate application where the indictment charges a continuing scheme and the communication is transmitted by mail during its existence, or where the indictment charges a scheme which contemplates and consists of several parts and the mails are used in furtherance of it before it is fully completed. Cf. Corbett v. United States, 8 Cir., 89 F.2d 124. But, repeating, this indictment did not charge such a scheme. Neither did it charge as a part or element of the scheme that appellant would lull the victim by causing her to mail the assignment for approval and recordation, or otherwise. The scheme, as laid in the indictment, had been fully consummated and completed in all its parts before the mails were used. It therefore is manifest that the rule which brings the mailing of a lulling communication within the statute has no application here.

The judgment is reversed and the cause remanded.