## STAPP et al. v. UNITED STATES.
### No. 9740.

Circuit Court of Appeals, Fifth Circuit.

June 12, 1941.

Burt Barr, J. Forrest McCutcheon, and Maury Hughes, all of Dallas, Tex., and David H. Cannon, of Los Angeles, Cal., for appellants.

Clyde O. Eastus, U. S. Atty., and William P. Fonville, Asst. U. S. Atty., both of Fort Worth, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellants were charged in an indictment in one count with violating section 215 Criminal Code, 18 U.S.C.A. § 338, by having devised a scheme to defraud one H. S. Christian, and mailing and causing to be mailed a letter for the purpose of executing the scheme. The indictment did not charge intent to defraud any other person or the public. Appellants pleaded not guilty. The jury was waived and the case was submitted to the judge on a stipulation as to the facts. The Court found against appellants, entered judgments of conviction and imposed sentences of a fine of $1000 and imprisonment for five years as to each.

Error is assigned to the overruling of motions for acquittal on the ground that the facts did not show a violation of the act.

The material facts may be briefly stated. There is no doubt defendants entered into a scheme to defraud Christian by falsely inducing him to believe that defendant Stapp was an agent of the Gulf Oil Corporation, authorized to buy an oil lease for that company from defendant Rudder for the price of $8,000 and that Stapp could buy the lease for $4,800. The proposal was made and accepted by Christian that he buy it from Rudder and in turn Stapp would buy it from him, for his principal, for $8,000, the profit of $3,200 to be divided between Christian and Stapp. The transaction was consummated at Pauls Valley National Bank, Pauls Valley, Oklahoma. Christian went there, taking with him a letter of credit issued by the Citizens Bank of Tyler, Texas, in the sum of $5,000. He bought the lease, which subsequently proved to be valueless, and drew a check in favor of the Pauls Valley Bank on the Tyler bank, in the sum of $4,800, for which the Pauls Valley bank issued its cashier's check to Rudder in payment for the lease. Rudder accepted the cashier's check, payable to himself, and the next day cashed that check with the Pauls Valley bank and received the money. Christian's check on the Tyler Bank and the letter of credit were then sent by the Pauls Valley bank by railway express to its correspondent, Liberty National Bank at Oklahoma City, Okla., which bank forwarded it to Fort Worth National Bank of Fort Worth, Texas, for collection. The Fort Worth bank, in the regular course of its business, mailed Christian's check and letter of credit, with an accompanying collection letter, to the Tyler bank. The mailing of this letter by the Fort Worth Bank at Fort Worth, Texas, is the basis of the indictment.

 The law is well settled that if a person devises a scheme to defraud, in the execution of which a letter is mailed, the crime denounced by the statute is committed. It is immaterial whether the person or persons devising the scheme had intended to use the mails or whether anybody was actually defrauded. The mailing of the letter may be by an innocent agent, unconnected with the schemers. Hart v. United States, 5 Cir., 112 F.2d 128, and authorities cited therein. However, the mailing or causing the letter to be mailed is the crime, not merely devising the fraudulent scheme, and it is vital to the commission of the offense that the letter be in furtherance of the scheme.

In this case it is apparent the purpose of the scheme to defraud Christian had been completely accomplished when the Pauls Valley Bank accepted his check on the Tyler bank and the money was paid to Rudder. Christian was then and there defrauded. Up to that point the mails had not been used at all. Christian could not have legally done anything to stop payment of his check and was obligated to reimburse the Pauls Valley Bank for cashing it. While the mails were incidentally used, the defendants had no interest whatever in that transaction. None of the banks involved, was their agent, innocent or otherwise. The mailing of the letter from Fort Worth to Tyler was not in furtherance of the scheme and was not "caused" by them. The facts do not support the conviction. Spillers v. United States, 5 Cir., 47 F.2d 893. Cf. Hart v. United States, supra.

The judgments appealed from must be reversed.

Reversed and remanded.