**HUNTLEY v. SCHILDER, Warden United States Reformatory, El Reno, Okl.**

**No. 2375.**

Circuit Court of Appeals, Tenth Circuit.

Jan. 7, 1942.

Edwin A. Williams, of Denver, Colo., for appellant.

John Brett, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying discharge on a writ of habeas corpus. The record on appeal consists of the petition for writ, filed in the Western District of Oklahoma, wherein the petitioner is confined, to which is attached a copy of the indictment returned in the Northern District of Texas, wherein the petitioner was tried, convicted and sentenced; the recital of the hearing; the appearance of the parties; and the order of the court denying the petition. The question presented must be decided on the face of the indictment.

The indictment containing one count purports to charge a fraudulent scheme under Section 215 of the Criminal Code, Title 18, Section 338, U.S.C.A.[1] When stripped of its prolixity and technical verbiage, the in-

[1] Section 215 of the Criminal Code, Title 18, Section 338, U.S.C.A.:

"Whoever, having devised or intending to devise any scheme * * * to defraud, or for obtaining money or property by means of false or fraudulent

dictment alleges that on or about July 25, 1938 the petitioner and one Anderson devised a scheme and artifice to defraud one W. R. Moreland out of $1,000. To accomplish this scheme, it is alleged that they did falsely represent to the said Moreland that an associate of Anderson was the owner of a valuable oil and gas lease, situated in the western part of Texas; that the said lease could be purchased for the sum of $2,000, but that it could not be purchased in the name of Anderson; that if the said Moreland would pay one-half of the purchase price, the lease would be bought in the name of Moreland and delivered to him, and Moreland and Anderson would each own a one-half undivided interest in the lease; that it could be sold for an enormous profit which would be divided equally between them. In pursuance of the fraudulent scheme, Anderson did on or about July 28, 1938 at Dallas, Texas, introduce to Moreland a man, whose name to the grand jury was unknown, as the owner of the oil and gas lease to be purchased and represented that the said party was ready to deliver the said lease upon the payment of the purchase price. Relying upon the false and fraudulent representations of Anderson and the petitioner, Moreland was induced to secure from the Irving State Bank, Irving, Texas, a cashier's check for $1,000 payable to himself, which he endorsed, cashed and delivered the proceeds to petitioner and Anderson.

It is further alleged that the petitioner and Anderson did not purchase an oil and gas lease as represented and did not intend to purchase one, but made such false and fraudulent representations for the purpose of inducing and inciting Moreland to deliver to them the $1,000; that "as a further part of said scheme and artifice, that the defendants did cause the mails of the United States of America to be used in the clearing of the check received from R. W. Moreland," and it is further alleged that "on or about the 28th day of July, 1938, in the City of Dallas, * * * and within the jurisdiction of this court, so having as aforesaid devised a scheme and artifice as aforesaid, for the purpose and with the intent of executing said scheme and artifice, unlawfully and feloniously, did wilfully and knowingly cause to be placed in the Post Office of the United States of America, at Dallas, Texas, to be sent and delivered by said Post Office establishment to the person to whom the same was then and there directed, to-wit, Irving State Bank, Irving, Texas, a certain letter then and there inclosed in an envelope bearing sufficient postage to entitle the same to be delivered according to the direction thereon." The indictment recites the letter and the cashier's check as having been delivered through the United States mails.

The petitioner does not deny the existence of the fraudulent scheme, but earnestly contends that when the money of which Moreland was defrauded was delivered to them, the transaction was closed and everything they had set out to do had been accomplished. They assert that they had no interest in the transmittal of the cashier's check to the Irving State Bank and its transmittal was not one of the elements of the fraudulent scheme, therefore the indictment does not describe an offense punishable under Section 215 of the Criminal Code, Title 18, Section 338, U.S.C.A., but if it does, it is not possible for the petitioner to have committed the offense as described in the indictment.

The record does not reflect the trial proceedings, but it is stated by the petitioner, without contradiction, that the defendant entered his plea of not guilty on February 17, 1941, and was on the same date tried, convicted and sentenced by the said court to serve two years in the Federal Penitentiary at Leavenworth, Kansas; that the petitioner appealed to the Fifth Circuit Court of Appeals, but abandoned the same before decision and thereafter the judgment was set aside and the petitioner re-sentenced to serve eighteen months in the Federal Reformatory at El Reno, Oklahoma, where he was confined at the time of his application for habeas corpus.

■ The fraud charged in the indictment is not within the jurisdiction of the Federal court unless it is also charged that the petitioner used the United States mails for the purpose of executing such scheme or artifice, or attempting so to do. The use of the mails is a jurisdictional prerequisite to the offense. Dyhre v. Hudspeth, 10 Cir.,

---

pretenses, representations, or promises * * * shall, for the purpose of executing such scheme or artifice or attempting so to do, place or cause to be placed * * * in any post office * * * or shall knowingly cause to be delivered by mail * * * any such letter * * * shall be fined not more than $1,000, or imprisoned not more than five years, or both."

106 F.2d 286; Mazurosky v. United States, 9 Cir., 100 F.2d 958; Stryker v. United States, 10 Cir., 95 F.2d 601; Rude v. United States, 10 Cir., 74 F.2d 673.

In this class of habeas corpus cases, the scope of our inquiry is limited to manifest questions of jurisdiction appearing upon the face of the indictment. A scrupulous regard for the orderly processes of review, amply granted elsewhere, requires the court in a habeas corpus proceedings to confine the scope of review to matters appropriately committed to it by our system of criminal jurisprudence, and should not infringe upon well-established procedural principles.

It is a well-established general rule that the extraordinary remedy of habeas corpus cannot be made to perform the functions of an appeal or writ of error. The sufficiency of an indictment, the construction to be placed thereon, or other questions of fact or law relating to its vulnerability are not generally within the reach of the remedy afforded by habeas corpus. Moore v. Aderhold, 10 Cir., 108 F. 2d 729; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733; Brock v. Hudspeth, 10 Cir., 111 F.2d 447; Knight v. Hudspeth, 10 Cir., 112 F.2d 137; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667; Ex parte Parks, 93 U.S. 18, 23 L.Ed. 787; Ex parte Yarbrough, 110 U. S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Matter of Gregory, 219 U.S. 210, 31 S.Ct. 143, 55 L. Ed. 184; Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147; Henry v. Henkel, 235 U.S. 219; Rodman v. Pothier, 264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759; Goto et al. v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; Knewel v. Egan, 268 U. S. 442, 45 S.Ct. 522, 69 L.Ed. 1036. Ordinarily, these questions are peculiarly within the province of the trial court and errors committed by it may be corrected only by appeal to the court of appropriate appellate jurisdiction. But "It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." Bowen v. Johnston, 306 U. S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455. It is important, therefore, that the limitations upon the remedy afforded by habeas corpus be flexible and readily available to prevent manifest injustice. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. "The rule is not one defining power but one which relates to the appropriate exercise of power." Bowen v. Johnston, supra. We think it appropriate, therefore, for us to inquire whether or not the indictment charges the essential elements of an offense against the United States and particularly Section 215 of the Criminal Code, Title 18, Section 338, U.S.C.A. If it does not, the indictment is colorless and it would not be possible for the petitioner to have committed the offense charged, and hence the sentence based thereon is a nullity and it is the province and duty of this court to grant the relief sought.

The indictment charges that the petitioner and another devised a scheme to defraud, and "for the purpose and with the intent of executing the said scheme and artifice" they caused the mails of the United States to be used, and it affirmatively alleges the use of the mails and the specific manner in which the mails were used. It may well be that the proof adduced at the trial of the case was insufficient to show that the use of the mails was a part of the scheme to defraud, or that they did in fact use or cause the mails to be used in furtherance or for the purpose of executing the fraudulent scheme, but these were questions necessarily within the jurisdiction of the trial court, and his error in the determination of this question is exclusively within the jurisdiction of the appropriate appellate courts and does not exist here.

The petitioner relies upon Stapp et al. v. United States, 5 Cir., 120 F.2d 898; McNear v. United States, 10 Cir., 60 F.2d 861; Armstrong v. United States, 10 Cir., 65 F.2d 853; Little v. United States, 10 Cir., 73 F.2d 861; Merrill v. United States, 9 Cir., 95 F. 2d 669; see, also, Mitchell v. United States, 10 Cir., 118 F.2d 653. In each of these cases, the defect in the indictment or the proof in support thereof was challenged by appeal and not by habeas corpus, and are not controlling in the determination of the question presented here.

We do not think that the allegations of the indictment affirmatively show that the fraudulent scheme was fully consummated when the money was paid over by the person to be defrauded, or that the offense described in the indictment was impossible of execution. The indictment does describe an offense under Section 338, Title 18 U.S.C.A., and is not vulnerable to attack here. Creech v. Hudspeth, 10 Cir., 112 F.2d 603. Cf. Dyhre v. Hudspeth, supra.

The order denying the writ of habeas corpus is affirmed.