**GUARDALIBINI v. UNITED STATES.**

**No. 10208.**

Circuit Court of Appeals, Fifth Circuit.

June 23, 1942.

John Ike Griffith, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

Convicted on two counts of an indictment charging him with violation of the Mail Fraud Statute,[1] defendant appealed in forma pauperis. Filing 71 assignments of error and informing this court, "we feel that the whole trial was in error and wish to rely upon each and every one of the grounds of error", appellant has filed a typewritten brief of 13 pages, 8 pages of which are devoted to setting out the assignments and 5 to a discussion of the proposition on which he mainly relies that the case as charged in the indictment and made out in the proof was merely a case of passing worthless checks within Dyhre v. Hudspeth, 10 Cir., 106 F.2d 286, and Stapp v. United States, 5 Cir., 120 F.2d 898.

---

[1] Section 338, Title 18, U.S.C.A.

Without the assistance of comment, exposition or authorities, the errors claimed in the other assignments are, with an apparent naivete and trust in our benevolence, our diligence, and our astuteness, to discover and punish error,[2] deserving of a better cause, left to our unaided discovery. Sensible of our authority to search for and discover prejudicial error, even though it is not properly and adequately called to our attention, and of our duty to do so, where the sentence as here is severe, Spivey v. United States, 5 Cir., 109 F.2d 181, 184, and aided by the detailed consideration, in the government's brief of each of them, we have separately canvassed and searched the record for error as to each assignment thus dumped en masse upon us. For some of them we find no support at all in the record. Some, as for instance, general attacks on the verdict and on the charge are entirely too general and wanting in specification to require their consideration. Some of them are completely frivolous. None of them, tested by the record, show prejudicial error or anything more than technical errors, defects or exceptions which do not affect the substantial rights of the parties. Section 391, Title 28 U.S.C.A. We come then to the main issues of this appeal, (1) whether the indictment states and the proof establishes a violation of the Mail Fraud Statute, and (2) whether it was error to refuse to charge as requested by defendant that intent to use the mails was of the essence of the offense charged. In asking this charge below and insisting here that its refusal was error, defendant has confused the case of a charge of conspiracy to use the mails to defraud, under Section 88, Title 18, U.S.C.A., in which intent to use the mails is a necessary element and a charge as here of the substantive offense of using the mails to defraud under Section 338. In the former, proof of intent to use the mails is necessary. Mazurosky v. United States, 9 Cir., 100 F.2d 958. In the latter, it is not. Farmer v. United States, 2 Cir., 223 F. 903, 907; Stapp v. United States, 5 Cir., 120 F.2d 898; United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836. It remains only to consider whether appellant is correct in his claim that the indictment here charges, the evidence proves, no more than that as in Dyhre v. Hudspeth, 10 Cir., 106 F.2d 286; Stapp v. United States, 5 Cir., 120 F.2d 898, plaintiff with intent to defraud has passed bad checks. We do not think he is. Here the indictment carefully alleges and the proof makes out a case, within United States v. Lowe, 8 Cir., 115 F.2d 596; Goodman v. United States, 3 Cir., 97 F.2d 197; Hart v. United States, 5 Cir., 112 F.2d 128; Spivey v. United States, 5 Cir., 109 F.2d 181; Corbett v. United States, 8 Cir., 89 F.2d 124, of a well laid plan to defraud by arranging through the issuance and deposit of spurious checks, to create the appearance of credit by establishing a bank account, and the inevitable and therefore caused use of the mails in connection with the carrying out of the scheme. The record presents no reversible error.

The judgment is affirmed.

---

[2] "Proposition 1. The record in this case is so long, this brief must be short.

"It is our desire not to worry the court by having to read a long, voluminous brief of the argument in this case because the record itself is entirely too long already. Yet, we respectfully petition the court to examine the record very carefully and notice all errors appearing therein. The court is daily reviewing and studying the law and will be in far better position to recognize error than anyone else. Many errors which we believe are sufficient prejudicial to a reversal of this case are set out above. We respectfully submit them without argument and urge the court to weigh each one carefully and severally in the consideration of this case. A few propositions which appear to be flagrant are stated below."