**MITCHELL v. UNITED STATES.**

No. 2898.

Circuit Court of Appeals, Tenth Circuit.

May 4, 1944.

Romeo Cunningham, of Santa Fe, N. M., for appellant.

Howard F. Houk, U. S. Atty., of Santa Fe, N. M., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, H. Dulaney Mitchell, was tried and convicted upon an indictment containing eight counts, each of which charged separate violations of Section 215 of the Criminal Code, 35 Stat. 1130, 18 U. S.C.A. § 338. The first count, and each of the other counts by reference to the first, charged appellant with having devised a continuing scheme or artifice to defraud, and to obtain money and property by false and fraudulent pretenses, from persons named in the indictment by the sale, recordation, and delivery of oil and gas lease assignments on lands owned by the State of New Mexico. Each count in the indictment, after alleging the continuing scheme or artifice to defraud, alleged separate use of the United States mails in the execution of the fraudulent scheme.

The appellant was sentenced to five years' imprisonment on the first count, and five years on the second, to run consecutively; and five years on each of the other counts, to run concurrently with the first and second counts, or a total of ten years, together with a fine of $500 on each count. The case was appealed to this court and affirmed, 126 F.2d 550, after a previous indictment and conviction had been reversed in this court. 118 F.2d 653.

After having entered upon the service of the sentence, appellant filed an application to vacate the judgment of the trial court under the decision of Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, and Gilmore v. United States, 10 Cir., 124 F.2d 537, on the stated grounds that "since the offense charged is both in pleading and law a continuing one, the second sentence of five years, making a total of ten years, was beyond the power of the court to impose, for the reason that the maximum provided in Section 338, 18 U.S.C.A. is five years." The argument in support of this contention is predicated upon the doctrine announced in the case of In re Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658, and recently reaffirmed in Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. In the Snow case, it was held that cohabitation with more than one woman over a stated period of time was one continuous, indivisible offense under the statute making cohabitation under such circumstances an offense

against the laws of the United States, and that three indictments covering three separate years, during which the defendant cohabited with the same woman as alleged in the indictment, constituted one continuing offense of one duration for which the defendant could be punished not to exceed the maximum provided by the statute.

In the Braverman case, it was held that a conspiracy under Section 37 of the Criminal Code, 18 U.S.C.A. § 88, to evade or defeat the payment of federal income tax over a stated period of time, which was based upon a single, continuing agreement, embraced all of the criminal objects of the conspiracy, and hence was but one continuous offense, for which the violator could be punished for the maximum provided by the statute.

It is argued that since this court held the original indictment invalid in 118 F.2d 653, on the grounds that the fraudulent scheme was fully consummated before the mails were used, and that the second count was held good in 126 F.2d 550, on the grounds that the indictment charged a continuing scheme to defraud, which included the use of the mails as a part thereof, each of the eight counts in the indictment charged but one continuous and indivisible offense for which the appellant can be punished not to exceed the maximum of five years provided by the statute.

It is of course true that an offense of a continuing duration cannot be arbitrarily divided into separate and distinct offenses by the disposition of the prosecutor and the grand jury to divide it into separate elements of time, as was attempted in the Snow and Braverman cases. But we have quite a different situation. The crimes charged in each count constitute one continuous scheme to defraud; the same scheme is alleged in each count of the indictment, and the offense charged in each count has its genesis in the continuing scheme to defraud. But the gist and crux of the offense is the use of the mails in the execution of the scheme; it is the use of the mails for the purpose of executing the scheme which gives the federal courts jurisdiction over the offense. Rosenberg v. United States, 10 Cir., 120 F.2d 935. Furthermore, each separate use of the mails in the execution of the continuing scheme constitutes an offense

against the laws of the United States, punishable under Section 215 of the Criminal Code. Badders v. United States, 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706; In re Henry, 123 U.S. 372, 374, 8 S.Ct. 142, 31 L.Ed. 174; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; United States v. Hill, 3 Cir., 71 F.2d 159. The plain distinction lies in the difference between one continuing offense which may be consummated by a single or plural acts over a period of time, as in the Snow and Braverman cases, and an indictment which alleges a continuing scheme and artifice to defraud, which is made criminal under the law each and every time the mail is used in execution thereof, and only when and if the mails are used.

The indictment here under consideration does not allege a continuing offense, but rather a continuing scheme, which is made criminal by the separate use of the mails in the execution thereof, thereby constituting a separate and distinct crime each time the mails were used. The order denying motion to vacate is affirmed.