## ROSENBLOOM v. HUNTER, Warden, United States Penitentiary, Leavenworth, Kan.

### No. 2925.

Circuit Court of Appeals, Tenth Circuit.

June 30, 1944.

V. P. Crowe, of Oklahoma City, Okl., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment containing two counts was returned against Morris Rosenbloom in the United States District Court for the Western District of Texas at the May, 1941 term of such court. The first count charged that Rosenbloom, on or about March 13, 1941, in such District, unlawfully entered the Alamo National Bank of San Antonio, Texas, a member bank of the Federal Reserve System, a banking institution organized under the laws of the United States and an insured bank, with intent to commit a felony, to wit, to pass, utter, and publish as true a forged check. The second count charged that Rosenbloom, on or about March 1, 1941, and continuing until the presentment of the indictment, devised a scheme and artifice to defraud and for obtaining money and credit by false and fraudulent pretenses, representations, and promises from the San Antonio bank; that such scheme and artifice was that Rosenbloom would deposit a forged check drawn on a bank outside the State of Texas and would secure immediate credit to his account in the San Antonio bank on such forged check and would, thereafter, withdraw the money so credited before the San Antonio bank could ascertain that such check was a forgery and would not be honored by the bank upon which it was drawn, and that Rosenbloom would fraudulently pretend and represent to the San

Antonio bank that the check deposited would be paid when presented by the bank on which it was drawn, and that the signature on such check was the genuine signature of the drawer; and that thereafter, on March 13, 1941, Rosenbloom, for the purpose of executing such scheme and artifice, caused to be placed in the Post Office establishment of the United States at San Antonio, Texas, to be delivered by the Post Office establishment, a postpaid envelope addressed to the Federal Reserve Bank at Cleveland, Ohio, containing a check dated March 7, 1941, for $300, payable to R. E. Lowry, drawn on the First National Bank 56–367 Washington C. H. Ohio, and purporting to be signed by the John Wrobbel Bakery by William Wrobbel.

On May 10, 1941, Rosenbloom entered a plea of guilty to both counts of the indictment. On May 26, 1941, he was sentenced for a term of five years in a United States Penitentiary to be designated by the Attorney General. He filed an application for a writ of habeas corpus on the ground that neither count of the indictment charged a federal offense. From an order denying the writ, Rosenbloom has appealed.

The lower court held that count one failed to charge a federal offense on authority of Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640, but held that the second count charged a federal offense. Counsel for Rosenbloom urges that it affirmatively appears from the face of the indictment that the fraudulent scheme was fully executed prior to March 13, 1941, when the mails were alleged to have been used, and on authority of Dyhre v. Hudspeth, 10 Cir., 106 F.2d 286, and cases therein cited, and Mitchell v. United States, 10 Cir., 118 F.2d 653, that the writ should have issued.

■ It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced the sentence, may not be raised on habeas corpus. Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to de-prive the court of jurisdiction. If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus.[1]

■ The second count of the indictment was predicated on 18 U.S.C.A. § 338. Under that section, it is not essential that an intent to use the mails to effect the scheme be embraced in such scheme. It is sufficient that the defendant, having devised or intending to devise a scheme or artifice to defraud for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, shall, for the purpose of executing such scheme or artifice or attempting so to do, use or cause to be used the United States mails.[2] Neither is it necessary to allege or prove that the matter sent through the mails was calculated to be effective in carrying on the scheme.[3] It is sufficient that the defendant used or caused the mails to be used for the purpose of executing the scheme.

■ Here, the elements of the scheme charged were the depositing of the forged check, the representation that the signature thereon was genuine and that the check would be paid when presented by the bank on which it was drawn, the obtaining of immediate credit for the check from the San Antonio bank, and the withdrawal of the amount of such credit before such bank could ascertain that the check was a forgery and would not be honored by the bank upon which it was drawn. The check was dated March 7, 1941. The mails were alleged to have been used on March 13, 1941. It does not affirmatively appear from the indictment that the scheme had been fully executed by the withdrawal of such credit from the San Antonio bank by March 13, 1941, and the allegation that Rosenbloom, for the purpose of executing the scheme, caused the mails to be used on March 13, 1941, negatives that fact.

The Dyhre case is clearly distinguishable. In that case the court said [106 F. 2d 288]: "but the charge clearly shows

[1] Creech v. Hudspeth, 10 Cir., 112 F.2d 603, 605, 606, and cases there cited; Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, 196; Huntley v. Schilder, 10 Cir., 125 F. 2d 250.

[2] Silkworth v. United States, 2 Cir., 10 F.2d 711; Tincher v. United States, 4 Cir., 11 F.2d 18; Beck v. United States, 8 Cir., 33 F.2d 107; Guardalibini v. United States, 5 Cir., 128 F.2d 984. Cf. Oliver v. United States, 10 Cir., 121 F.2d 245.

[3] Tincher v. United States, 4 Cir., 11 F. 2d 18, 20.

676

that the United States mail could not have been used for the purpose of executing or in attempting to execute the fraudulent scheme."

It is urged that sending the check through the mails for collection would not further the execution of the scheme. That contention cannot be urged against the positive allegation of the indictment, which Rosenbloom admitted by his plea of guilty, that on March 13, 1941, for the purpose of executing the scheme, he caused the mails to be used. We are not here concerned with the sufficiency of the indictment against a direct attack by motion or demurrer. It is not necessary for us to determine how or in what way the use of the mails would further the execution of the scheme or whether the indictment was sufficiently particular in that behalf. It charged the elements of the federal offense. It was neither colorless nor an impossible one under the law. It was not so fatally defective as to deprive the court of jurisdiction.

Affirmed.

