### TOLLE v. SANFORD, Warden.

### No. 2064.

District Court, N. D. Georgia,
Atlanta Division.

Jan. 25, 1945.

696

Woodson Taulby Tolle, in pro per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was, on April 3, 1944, upon his plea of guilty, in the United States District Court for the Eastern District of Kentucky, sentenced upon an indictment of two counts charging violations of the National Stolen Property Act, as amended, 18 U.S.C.A. § 415, the first count charging that petitioner "with an unlawful and fraudulent intent, transport and cause to be transported, in interstate commerce, from Newport, in the State of Kentucky, to Cincinnati, in the State of Ohio, a certain falsely made, forged and counterfeited security" in the form of a check for $47.15 drawn upon the Fifth Third Union Trust Company of Cincinnati, Ohio. The second count alleged a similar transaction with respect to another check upon the same bank for $43. Petitioner was sentenced to a term of three years on each count, but the sentences were made to run concurrently.

Petitioner's only ground for writ of habeas corpus is the contention that no offense was charged in the indictment because the interstate transportation of the checks was merely incidental and not an integral part of the execution of the frauds, relying upon the case of Kann v. United States, 65 S.Ct. 148, 151.

In the Kann case, which involved violations of the mail fraud statute, 18 U.S.C.A. § 338, the Supreme Court held that the "statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is an integral part of the execution of the fraud."

In the case of Spillers v. United States, 5 Cir., 47 F.2d 893, 894, which also involved violations of the Mail Fraud Statute, the Court of Appeals said that: "It is not every incidental use of the mail that occurs as a result of the scheme that would constitute a violation of the law. The letter must be knowingly mailed or be caused to be mailed in furtherance of the scheme by the defendant."

In both the Kann and the Spillers cases the Courts held that the mailing of checks, after the purpose of the scheme was effected, that is, after the fraud had been consummated, could not be held to have been done in furtherance of the scheme. These rulings, however, must be construed in the light of the mail fraud statute, which expressly provides that the use of the mails must be "for the purpose of executing such scheme or artifice or attempting so to do." The present indictment was brought under a different statute which provides that, "whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited," violates the statute. 18 U.S.C.A. § 415.

It will be seen, therefore, that the latter statute does not provide, as does the mail fraud statute, that the use of the mails shall be an integral part of the execution of the fraud, but merely provides that whoever with fraudulent intent causes the forged securities to be transported in interstate commerce, commits a Federal offense. The fact that the transportation took place after the petitioner had secured the fruits of his forgery is immaterial, since the interstate transportation of the contraband securities is the gist of the offense. The fact that petitioner forged and passed a check in one state upon a drawee bank in another made it, as he must have known and intended, absolutely necessary that the check be transmitted in interstate commerce, so that fraudulent intent sufficiently appears.

I find that the indictment charges Federal offenses and supports the sentences imposed on the two counts thereof and that no

ground which would support the writ of habeas corpus has been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby, discharged and petitioner remanded to the custody of respondent.