## MITCHELL v. HUNTER.
### No. 3212.

Circuit Court of Appeals, Tenth Circuit.

Jan. 11, 1946.

Paul R. Kitch, of Wichita, Kan., for appellant.

Eugene W. Davis. Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief) for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas denying discharge in habeas corpus proceedings.

Petitioner was tried and convicted upon an indictment containing eight counts charging violations of the Mail Fraud Statute. Section 215 of the Criminal Code, 35 Stat. 1130, 18 U.S.C.A. 338. Each of the counts charged petitioner with having devised a continuing scheme or artifice to defraud persons named in the indictment by the sale, recordation and delivery of oil and gas lease assignments on lands owned by the State of New Mexico, and the separate use of the mails in execution thereof. Petitioner was sentenced to five years imprisonment on the first count and five years on the second, to run consecutively; and, five years in each of the other counts, to run concurrently with the first and second counts, or a total of ten years.

On appeal this court affirmed Mitchell v. United States, 126 F.2d 550, 554, after having reversed a former conviction for the alleged fraudulent use of the mails, on the grounds that the proof showed the scheme, as laid in that indictment, had been fully consummated before the alleged mailings. Mitchell v. United States, 118 F.2d 653. After entering upon the service of his sentence petitioner moved to vacate the judgment, alleging that since the indictment charged a continuous scheme to defraud the several counts constituted but one offense for which he could be sentenced for a maximum term of five years. We affirmed the judgment of the trial court denying the motion to vacate, holding that since the use of the mails was the gist of the offenses charged, the continuing scheme constituted a separate and distinct crime each time the mails were used. Mitchell v. United States, 142 F.2d 480.

By this proceedings in habeas corpus petitioner seeks to again impeach the validity of the indictment on the theory that upon its face the scheme alleged had been fully consummated and completed before the mails had been used. On his direct appeal from the judgment in this case petitioner contended that the proof showed the mailings, charged in the indictment, occurred after the alleged scheme had terminated. We held, however, that the proof was amply sufficient to support the allegations to the effect that the continuing scheme contemplated the use of the mails in execution thereof and that the mails were so used. Certainly if the indictment is not vulnerable to attack on appeal it is invulnerable when, as here, it is collaterally attacked on the same grounds in a habeas corpus proceedings. See Baker v. Hunter, 10 Cir., 142 F.2d 615; Hudspeth v. Mosheik, 10 Cir., 94 F.2d 382. See also Rosenbloom v. Hunter, 10 Cir., 143 F.2d 673.

Petitioner contends, however, that the supervening decision of the Supreme Court in Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 151, 157 A.L.R. 406, re-

quires us to hold this indictment invalid upon its face. The Kann case does not establish any principle which this court has not recognized and followed. That case, as the appeal from the judgment in this case, was a direct attack by appeal in which the sufficiency of the facts could be challenged, and as in petitioner's first appeal, Mitchell v. United States, 10 Cir., 118 F.2d 653, it was held, under the facts shown at the trial, that in each instance the scheme had already reached fruition at the time the mails were used. But the court was careful in the Kann case to distinguish the facts from those "where the mails are used prior to, and as one step toward, the receipt of the fruits of the fraud." Likewise, on petitioner's appeal from the judgment of conviction, Mitchell v. United States, 10 Cir., 126 F.2d 554, we were careful to point out that the use of the mails in this case was not "purely incidental or unrelated to the scheme, but was a necessary and essential part thereof."

The judgment is affirmed.