## CLARKE v. SANFORD.

### No. 11614.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1946.

Rehearing Denied June 1, 1946.

mailed after the defendant has obtained money on them.

The judgment was right. It is affirmed.

Robert N. Clarke, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and John J. Flynt, Jr., Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

Appellant's reliance for reversal on Kann v. United States, 323 U.S. 88, 65 S. Ct. 148, 89 L.Ed. 88, 157 A.L.R. 406, and on Sheridan v. United States, 6 Cir., 152 F.2d 57, will not do. Kann's case was brought under the mail fraud statute, 18 U. S.C.A. § 338. Sheridan's case was wrongly decided. As was correctly pointed out by Judge Underwood in Tolle v. Sanford, D.C., 58 F.Supp. 695, the offense denounced in Sec. 415 of Title 18, under which appellant was convicted is quite a different offense from that denounced in Sec. 338. The gist of the offense under the mail fraud statute is not the mere mailing of the letter but its mailing in furtherance of the scheme. Therefore, its mailing after the fraudulent scheme has been consummated is not an offense. The gist of the offense charged against appellant under Sec. 415 was transporting or causing to be transported in interstate commerce forged or counterfeited securities, and it was committed when the security was caused to be transported though appellant had already gotten the money on the forged checks. This court agrees with, indeed it pioneered[1] in drawing, the distinction between mailing in furtherance, and mailing after consummation, of the fraud. We think though that it is to misinterpret the Statute entirely to find in Sec. 415 warrant for drawing the same distinction between forged checks mailed before and those

---

[1] Spillers v. United States, 5 Cir., 47 F.2d 893; Stapp v. United States, 5 Cir., 120 F.2d 898.