**H. Dulaney MITCHELL, alias H. D. Morton, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 5216.

United States Court of Appeals Tenth Circuit.

Dec. 6, 1955.

Leo Gemma, Jr., Denver, Colo., for appellant.

Paul F. Larrazolo and James A. Borland, Albuquerque, New Mexico, for appellee.

Before MURRAH and PICKETT, Circuit Judges, and RICE, District Judge.

PER CURIAM.

In June, 1941, H. Dulaney Mitchell was convicted and sentenced under an eight-count indictment charging violation of 18 U.S.C.A. § 338.* This conviction was affirmed. Mitchell v. United States, 10 Cir., 126 F.2d 550, certiorari denied 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771. After serving part of his sentence, Mitchell was conditionally released from the federal penitentiary. Prior to the expiration of the time designated in the conditional release, he was convicted and sentenced to serve a term in the Nebraska State Penitentiary where he is now confined. After the Nebraska conviction, the United States Parole Board revoked the conditional release and ordered his arrest as a parole violator. A detainer was placed with the proper Nebraska authorities requesting that he be delivered to the federal authorities at the expiration of his sentence there.

The present proceedings were instituted in the sentencing court and were designated as an application and motion in writ of error coram nobis.[1] The relief sought appears to be that contemplated by 28 U.S.C.A. § 2255, but we shall not question the propriety of the nature of the proceedings because the ap-

---

\* Now 18 U.S.C.A. § 1341.

1. Although Mitchell had theretofore unsuccessfully sought to have the judgment vacated in numerous proceedings, some upon the same grounds as presented here, the trial court accorded him a full hearing with the assistance of able counsel. Some of these cases reached this court. Mitchell v. United States, 10 Cir., 142 F.2d 480, certiorari denied 323 U.S. 747, 65 S.Ct. 49, 89 L.Ed. 598; Mitchell v. Hunter, 10 Cir., 152 F.2d 959, certiorari denied 328 U.S. 860, 66 S.Ct. 1348, 90 L.Ed. 1631.

plicant is confined in the Nebraska State Penitentiary. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. Mitchell alleged that he did not have the benefit of counsel when sentence was passed upon him by the court. This was the issue which was tried on the application. At the original trial, Mitchell was represented by counsel of his own choosing. This attorney was present when the verdict of guilty was returned, and after sentence, he filed a notice of appeal and presented the appeal in this court without questioning the pronouncement of sentence in his absence. Mitchell v. United States, 10 Cir., 126 F.2d 550. The defendant testified that his attorney prepared the notice of appeal and forwarded it to him from Dallas, Texas, and that he had it in his possession for filing after sentence was pronounced.[2] Mitchell and another witness testified that his attorney was not present at the time of sentence. Other witnesses testified that it was the custom of the District Judge to require the presence of attorneys for defendants when sentence was pronounced. The Clerk of Court testified that he took longhand notes of the proceedings and later dictated them to the Journal Clerk and that the records show that the defendant's attorney was present in the courtroom at the time of the sentencing. The Journal entries for that day recite that "the defendant H. Dulaney Mitchell, * * * in his own proper person, accompanied by Forrest McCutcheon, Esquire, his counsel, and having been convicted of the charges of certain counts contained in the indictment filed herein against him, * * * the court now pronounces judgment and sentence upon said conviction * * *". After an extensive hearing, the trial court found that there was insufficient evidence from which to find that the records of the court were erroneous and stated that "Defendant's evidence is so unsatisfactory, I cannot but find, and do find, as a fact, that defendant's counsel was present at the time sentence was imposed." The record discloses sufficient evidence to sustain this finding.

Affirmed.

---

2. In an opinion filed by the district judge it was said:

"From all the evidence in the case, but particularly upon defendant's own theory and his own testimony and the circumstances established by the evidence, I am convinced beyond any doubt that if defendant's counsel, McCutcheon, was not present at the time of sentence, he had been excused from attending by Judge Neblett, he had made arrangements with his client for proper procedure as to appeal, and the whole matter was without any prejudice to the defendant at all. I am certain if defendant's counsel was not present it was a voluntary absence on his part, with the consent and approval of his client, and in all probability with the consent and approval of the court."