## UNITED STATES *v.* KENOFSKEY..

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF LOUISIANA.

No. 649.  Submitted March 16, 1917.—Decided April 9, 1917.

A local agent of a life insurance company, whose duty was to verify claims of death and certify and deliver the proofs and certificates to the company's local superintendent, so certified and delivered a false claim, proofs and certificates, for the purpose of defrauding the company, knowing and expecting that in the due course of business and before the claim would be paid the documents, when approved by the superintendent, would be mailed to the company's home office for final approval, as actually occurred.  In approving and mailing the documents the superintendent acted innocently.

*Held:* (1) That the agent *caused* the mailing, within Criminal Code, § 215, providing punishment for those who "place or cause to be placed" matter in a post-office for the purpose of executing a scheme to defraud.

(2) That the scheme was not executed on delivery of the documents to the local superintendent.

235 Fed. Rep. 1019, reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Warren* for the United States.

No appearance for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

Indictment charging a scheme to defraud by use of the mails in violation of § 215 of the Criminal Code.

The indictment is in the usual volume of such instru-

ments but may be sufficiently summarized as presenting the following facts:

Kenofskey was the agent and assistant superintendent at New Orleans, Louisiana, of the Life Insurance Company of Virginia. It was part of his duty to obtain certificates and proofs of death of persons insured in the company and also to view the remains of deceased policy holders, have them identified, and deliver the certificates and proofs of death to the superintendent of the local office at New Orleans, to be forwarded in the usual course of business through the United States mails to the home office of the company at Richmond, Virginia. In pursuance of a fraudulent scheme Kenofskey falsely represented to the insurance company that he had received and obtained a valid and genuine claim, proof of death and certificates executed, signed and presented by Sarah Thompson, the beneficiary in a policy which had been issued upon the life of one Frederick Wicker. Kenofskey signed the certificates as assistant superintendent. Frederick Wicker is still living, and Kenofskey knew that all claims required the approval of the main office and were to be transmitted from the local office through the United States mails and if handed by him to the superintendent would be so transmitted, and, for that purpose, he delivered the proofs to the superintendent. The superintendent examined them and without knowledge of their fraudulent character affixed his signature thereto, inclosed them in an envelope and deposited them, postage paid, in the United States mails.

A demurrer was filed to the indictment, stating as grounds thereof that it was not sufficient to constitute a violation of § 215 of the Criminal Code of the United States properly construed and understood or of any other law of the United States.

The demurrer was sustained, the court giving as its reasons therefor the following:

"The depositing of the letter in the mail for the purpose of executing the scheme is the crime. The defendant did not mail the letter, and the local superintendent of the insurance company was not his agent. It is not charged it was the duty of the defendant either to prepare for mailing or to actually mail the papers. He is sought to be held on the theory that as he knew the claim would be mailed to the home office, in the usual course of the business, for approval before payment, he knowingly caused it to be deposited. This theory is too far-fetched to be tenable. Furthermore, in order to constitute a crime, the mailing of the letter must have been a step in the execution of the fraudulent scheme. The scheme devised by defendant was completely executed when he handed the false claim to the local agent at New Orleans.

"However desirable it may be from the viewpoint of the victim to try all perpetrators of fraudulent schemes in the federal courts, this court can not assume jurisdiction except in clear cases.

"The demurrer will be sustained."

This appeal was then prosecuted under the Criminal Appeals Act of March 2, 1907, 34 Stat. 1246.

Section 215 of the Criminal Code is as follows:

"Whoever, having devised . . . any scheme or artifice to defraud . . . shall, for the purpose of executing such scheme or artifice or attempting so to do, place, or cause to be placed, any letter, . . . package, writing, . . . in any post-office, . . . to be sent or delivered by the post-office establishment of the United States, . . ." shall be punished, etc.

The short point in the case is whether the facts charged show that Kenofskey offended against the statute. The District Court was of opinion that they did not, for two reasons: (1) The superintendent at New Orleans was not the agent of Kenofskey. (2) Section 215 is directed at steps in the execution of fraudulent schemes and the

scheme devised by Kenofskey was completely executed when he delivered the false claim to the local agent at New Orleans.

We are unable to concur. The words of § 215 are "*place, or cause to be placed,* [italics ours] any letter, . . . package, writing, . . . in any post-office, . . . to be sent or delivered . . ."

"Cause" is a word of very broad import and its meaning is generally known. It is used in the section in its well-known sense of bringing about, and in such sense it is applicable to the conduct of Kenofskey. He deliberately calculated the effect of giving the false proofs to his superior officer; and the effect followed, demonstrating the efficacy of his selection of means. It certainly cannot be said that the superintendent received authority from the insurance company to transmit to it false proofs. He became Kenofskey's agent for that purpose and the means by which he offended against the provisions of the statute. *Demolli* v. *United States* (C. C. A., 8th Circuit), 144 Fed. Rep. 363.

We do not think the scheme ended when Kenofskey handed the false proofs to his superior officer. As said by the Assistant Attorney General, "The most vital element in the transaction both to the insurance company and to Kenofskey remained yet to become an actuality, i. e., the payment and receipt of the money; . . ." Such payment and receipt would indeed have executed the scheme, but they would not have served to "trammel up the consequence" of the fraudulent use of the mails.

*Judgment reversed and cause remanded for further proceedings in conformity with this opinion.*