SPEAR v. UNITED STATES.[*]

PORTER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1917.)

Nos. 4864, 4865.

1. CRIMINAL LAW ⬤⟹1151—CONTINUANCE—DENIAL—ABUSE OF DISCRETION.
    Discretion of court on motion for a continuance is not subject to review in the appellate court unless it be clearly shown the discretion was abused.

2. POST OFFICE ⬤⟹35—OFFENSE—FRAUDULENT USE OF MAILS—AGENCY.
    Where defendant, having received, from those actively engaged in conducting a fraudulent scheme, drafts and checks obtained from the victims, delivered them to a local bank for collection, and the bank pursuant to its ordinary custom transmitted the same through the mails for collection, defendant, though the bank was an innocent agent, was guilty of violating Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. 1916, § 10385]) § 215, denouncing the offense of placing or causing to be placed in a post office matter for the purpose of executing a scheme to defraud, as he was chargeable with notice of the ordinary custom of banks in transmitting negotiable paper through mail for collection.

3. CRIMINAL LAW ⬤⟹763, 764(6)—INSTRUCTIONS—REMARKS OF COURT—WEAKNESS OF EVIDENCE.
    In a prosecution for using the mails to defraud, comment of the trial court on the weakness of the evidence, offered by defendant to show that his connection with drafts and checks obtained by those actively engaged in the scheme was casual and innocent, was not improper, where the court did not refer to defendant's failure to testify.

4. POST OFFICE ⬤⟹35—OFFENSES—ELEMENTS.
    Where, others having through fraud obtained checks and drafts, defendant undertook to aid in their collection, and for that purpose deposited them with a bank for collection, and the bank in process of collection transmitted them through the mails, defendant is guilty of a violation of Penal Code, § 215, providing that whoever, having devised any scheme to defraud, shall for the purpose of executing it or attempting to do it cause to be placed any letter in any post office, shall be punished; for, the collection of the checks and drafts being an essential part of the scheme, defendant cannot escape on the theory that he could not have made himself a party to the fraud by subsequently aiding in the collection of such drafts.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Ed Spear and Jack Porter were convicted under Penal Code, §§ 215, 37 (Comp. St. 1916, §§ 10385, 10201), for fraudulent use of the mails and conspiracy, and they bring error. Affirmed.

George W. Murphy, of Little Rock, Ark. (C. Floyd Huff, of Hot Springs, Ark., and E. L. McHaney, of Little Rock, Ark., on the brief), for plaintiff in error Spear.

X. O. Pindall, of Little Rock, Ark., for plaintiff in error Porter.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 31, 1918.

W. H. Martin, U. S. Atty., of Hot Springs, Ark. (W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark., on the brief), for the United States.

Before HOOK, SMITH, and STONE, Circuit Judges.

HOOK, Circuit Judge. Spear and Porter were again convicted of fraudulent use of the mails and conspiracy (Penal Code, §§ 215, 37), after having been awarded a new trial (Spear v. United States, 143 C. C. A. 67, 228 Fed. 485), and have again prosecuted writs of error. A description of the fraudulent scheme will be found in our former opinion and need not be repeated here.

[1] No error was committed in denying Spear a continuance. The granting or denial of a continuance is a matter of discretion, and is not subject to review in an appellate court unless it be clearly shown that the discretion was abused. There was no such abuse by the trial court.

[2] Complaint is made of the admission in evidence of letters of a bank transmitting by mail certain drafts and checks to other banks for collection and remittance. The drafts and checks had been received from the victims of the fraudulent scheme by those actively engaged in conducting it. The latter turned them over to Spear, and he delivered them to a local bank for collection. The bank did not cash them, but accepted them for collection. Part of the scheme was to keep the victims quiescent until reports of payment were received. Collection of the drafts and checks was essential to the full consummation of the fraud, and the evidence of Spear's guilty assistance was sufficient. When he intrusted them to the bank he made it his agent, although it was innocent of the fraud. United States v. Kenofskey, 243 U. S. 440, 37 Sup. Ct. 438, 61 L. Ed. 836. The drafts and checks were drawn on banks in distant cities. The custom among banks, almost invariable, is to forward such collection items by mail with letters of transmittal, and Spear must have known the local bank would follow the ordinary course in the absence of instructions to the contrary. When the bank deposited the letters of transmittal in the mails, Spear, in legal effect, caused them to do so. United States v. Kenofskey, supra.

[3] Complaint is also made that the trial court in charging the jury commented upon the absence of witnesses to identify the men who, in a short period of time, gave between $30,000 and $40,000 of such drafts and checks to Spear. We see no objection to the remarks of the court. They were addressed largely to the efforts of Spear, who did not testify, to show by evidence, that was unsatisfactory in both source and probative value, that his connection with the drafts and checks was casual, innocent, and in an ordinary way. A state of facts tending to incriminate him had been shown, and when he undertook to explain it his neglect to produce existing satisfactory proof peculiarly within his power was a proper subject of comment by the court if none was made on his own failure to testify. Graves v. United States, 150 U. S. 118, 14 Sup. Ct. 40, 37 L. Ed. 1021. The case of Perara v. United States, 136 C. C. A. 623, 221 Fed. 213, is

not in point. There the evidence that was not produced by the accused was expert testimony as to the authorship of certain handwriting. There was no presumption that the handwriting was that of the accused, and no incriminating state of facts with respect to it imposing upon him the burden of affirmative explanation. Furthermore, the production of the expert testimony was equally within the power of the prosecution. It was held that the effect of the charge was to cast upon the accused the burden of proving his innocence.

[4] The contention that the fraudulent scheme was complete when the drafts and checks were received from the victims, and that Spear could not have made himself a party to it by subsequently aiding in their collection, is answered by our former opinion and by United States v. Kenofskey, supra. Such of the special instructions requested and denied as were in proper form and embodied correct statements of the law were sufficiently covered by the general charge. There is nothing else in the assignments of error requiring notice.

The sentences are affirmed.