**56**

UNITED STATES v. BENDER et al.
No. 452.

Circuit Court of Appeals, Second Circuit.
July 5, 1932.

George Z. Medalie, U. S. Atty., of New York City (Edmund L. Palmieri and Jacob J. Rosenblum, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Samson Selig, of New York City (Alan Fox and I. Bernard Halpern, both of New York City, of counsel), for appellant Posner.

Falk & Orleans, of New York City, for appellant Michael Bender.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The appellants were convicted on six counts of an indictment charging the use of the mails in furtherance of a scheme to defraud and on one count charging conspiracy so to do. Sections 37, 215, 332, U. S. Criminal Code (18 USCA §§ 88, 338, 550). Appellant Bender was an officer of H. Bender & Sons, Inc., and appellant Posner was its accountant. Both actively managed its corporate and business affairs; Posner supervised and instructed how its books of accounts were to be kept. Posner, at various times, participated in running the business, drew up legal papers, and supervised the preparation of financial statements. His father-in-law loaned substantial sums of money to the corporation from time to time at usurious rates of interest.

On November 19, 1928, and on May 31, 1929, the corporation issued false financial statements prepared under the direction of Posner. The 1929 false statement is the one referred to in the indictment. Duplicate originals of this statement were mailed to the trade and credit agencies; the latter disseminated the information contained to the textile trade from which the corporation bought its cloaks and suits. Through this source merchandise and credits were obtained. The victims of this false statement are specifically named in the indictment. The corporation was adjudicated a bankrupt on March 24, 1930, and loss was sustained by each because of reliance upon the fraudulent statement.

That the statement was false is not seriously disputed. A net worth of $76,000 was shown. Fictitious entries of credits were made in the books of account, and indebtedness was willfully omitted. The bookkeeper was directed to make these entries by Posner. Bender assisted in making some of the false entries. In preparing the statement of November 19, 1928, Posner instructed the bookkeeper to increase the accounts receivable by $30,000 and furnished the exact figures for this falsification. Bender was present when Posner gave the instructions how to do so. Bender wrote two of these fictitious items. Contract accounts and accounts payable were deflated so as to reduce the actual liabilities. The May 31, 1929, statement was issued because the corporation needed money and cred-

it. Posner instructed the bookkeeper to increase the contractor's charges by $17,000, to increase the charge to customers by approximately $36,000, and to omit a record of purchases for the month of May. All these entries were false. There was a discussion as to the preparation of this account, participated in by both appellants and Posner's father-in-law, Posner having prepared and produced for their consideration a model for the false statement. In the model and in the statement issued was an inflation of $41,000 in accounts receivable, representing fictitious sales of $36,000 and a false credit of $5,000; false statements of $22,760 in the due from contractors' account; insurance premiums inflated by $1,639; due from officers account was increased by $4,148; and the liabilities deflated $9,369. At this time the corporation was insolvent. On May 13, 1929, Posner arranged for his father-in-law to personally participate in the business, for which he was paid a salary. In an effort to show a better financial statement for May, Posner arranged entries showing his father-in-law to have exchanged his credits up to $30,000 for stock. The government declared that this was not a bona fide transaction.

In July, 1929, when the irregularities were called to Posner's attention, he had appellant Bender assist in completing the falsifications. When an assignment was made for the benefit of creditors, a conference was held at Posner's office, which appellant Bender and others attended, and preparation was made for giving testimony, in the event that hearings were had, which involved false explanations. Both appellants were clearly established to have been guilty of falsifications of the books and the statements of accounts. The most that may be said for the argument advanced on this appeal is that the appellants urge upon us that the verdict is against the weight of evidence. However, this court may not review the weight of evidence, nor can we review, as argued, whether the verdict should have been set aside upon its rendition. Felder v. United States, 9 F.(2d) 872 (C. C. A. 2); Kaplan v. United States, 18 F.(2d) 939 (C. C. A. 2).

Appellant Posner argues that there is a failure of proof to establish that he had knowledge of or acquiesced in the mailing, or that he caused the financial statements to be sent through the mails as charged. The evidence sufficiently established mailing and receipt of the letters mentioned in the various counts of the indictment, and the jury could find from the evidence that both appellants caused the letters to be mailed. Posner had an intimate association with the business. He was not only an auditor and accountant, but at various times directed the business. He negotiated the loans with his father-in-law. His preparation of a fraudulent statement and his knowledge that it was to be sent to creditors or to be used as a medium for obtaining credit in purchases to be made would warrant a jury in properly inferring that the mails were to be used and that the appellants caused them to be so used. It was the custom of the business to mail statements, and the jury could properly infer that Posner knew of and acquiesced in the mailing of the financial statements. Levinson v. United States, 5 F.(2d) 567 (C. C. A. 6); Brooks v. United States, 146 F. 223 (C. C. A. 8); Watlington v. United States, 233 F. 247 (C. C. A. 8).

In view of the charge of conspiracy, a letter mailed or caused to be mailed by one of the defendants bound each of them. Appellant Bender admitted the use of the mails, and said that he mailed the statements. Both appellants were proved to have caused the mailings in question within the purview of the statute and to have conspired in the use of the mails in a fraudulent scheme. This was sufficient on which to base a charge of violation of the statutes. Section 215, U. S. Criminal Code (18 USCA § 338); United States v. Kenofskey, 243 U. S. 440, 37 S. Ct. 438, 61 L. Ed. 836; Spear v. United States, 246 F. 250 (C. C. A. 8); Demolli v. United States, 144 F. 363, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121 (C. C. A. 8). The intent to use the mails may be shown by circumstances, and the deed may be inferred from the nature of the scheme itself. United States v. Rowe, 56 F.(2d) 747 (C. C. A. 2); Preeman v. United States, 244 F. 1 (C. C. A. 7); Farmer v. United States, 223 F. 903 (C. C. A. 2).

The evidence fully sustains the trial court in submitting the issues to the jury, as well as their verdict of guilt.

Judgments affirmed.