## GOODMAN v. UNITED STATES.
### No. 6139.

Circuit Court of Appeals. Third Circuit.
May 24, 1938.
Rehearing Denied June 28, 1938.

B. D. Oliensis, of Philadelphia, Pa., for appellant.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for the United States.

Before BUFFINGTON and BIGGS, Circuit Judges, and MARIS, District Judge.

MARIS, District Judge.

Benjamin F. Goodman and Abraham Hart were convicted in the District Court for the Eastern District of Pennsylvania upon an indictment which in its first count charged them and others with devising a scheme to defraud the Chase National Bank of the City of New York, the National Silver Company, the South Philadelphia National Bank, and others unknown. The scheme alleged was to obtain forged checks purporting to be drawn by the National Sil-

ver Company upon the Chase National Bank of the City of New York, to secure introductions to Philadelphia banking institutions and to open accounts therein in which the forged checks would be deposited, to procure the collection of the forged checks by the banks in which they were deposited and then to withdraw the money thus obtained. It was alleged to be a part of the scheme that the forged checks would be forwarded from the Philadelphia banks, in which they were deposited to the Chase National Bank of the City of New York by means of the Post Office Establishment of the United States, the "defendants well knowing the customs and usages of the local bank of deposit in forwarding said * * checks. * * * to the foreign bank by means of the Post Office Establishment of the United States and intending that said * * * checks * * * would be transmitted through the mails as aforesaid." The second count of the indictment charged the defendants with having conspired to use the mails of the United States in execution of the scheme to defraud charged in the first count and with having conspired to carry out the said scheme. Motions in arrest of judgment and for a new trial were refused by the District Court, whereupon Goodman alone took the present appeal.

From the evidence offered by the Government it appeared that Edward F. O'-Neill, the owner of a cut glass business at 3267 Jaspar Street in the Kensington section of Philadelphia, in January, 1935, advertised in a Philadelphia newspaper for someone to invest money in his business. Under date of January 30, 1935, he received a reply to his advertisement purporting to be signed by the appellant asking for further details. On February 1st O'Neill telephoned the appellant at the telephone number given on the reply letter and made an appointment for the following day, at which time the appellant and Hart came to his place of business and discussed the matter.

A third defendant, Haynes, had previously been referred to Hart by still another defendant and had talked to Hart and to the appellant in the office which they jointly occupied. He went to see Hart on February 2d at that office, the appellant being there at the time, and upon seeing the appellant was told that the latter had a proposition for him. The appellant said that he had been looking at a glass plant and wanted Haynes to go out and negotiate a deal to get an interest in it. He said that Hart

would take him out and explain it all to him. A little later the appellant gave Hart a white envelope which he said contained the funds "to open that account." Haynes thereupon telephoned O'Neill and told him that the appellant was not interested in the proposition but that he was and that he would come out to see him. Haynes and Hart thereupon went out to O'Neill's plant and on the way Hart took from his pocket the envelope which the appellant had given him and removed from it and gave Haynes a forged check for $890 which purported to be drawn by the National Silver Company on the Chase National Bank of the City of New York to the order of Maxwell Helmus & Co.

Haynes then went in to see O'Neill, representing himself to be Maxwell Helmus, and proceeded to negotiate with him. In the course of his negotiations he induced O'Neill to introduce him at the Industrial Trust Company where he opened an account in the name of Maxwell Helmus & Co., and deposited the forged check therein. Thereafter additional checks were deposited in this account, the proceeds were withdrawn and another account was opened with part of the proceeds in the South Philadelphia National Bank in which other similar forged checks were also deposited and the proceeds withdrawn by Haynes and turned over to Hart. The forged checks thus deposited were forwarded by the South Philadelphia National Bank through the mails to the Federal Reserve Bank of New York for collection from the Chase National Bank of the City of New York. It was the custom of the South Philadelphia National Bank to send all checks deposited with it which were drawn on New York banks to the Federal Reserve Bank of New York by mail for collection. Its custom was to send checks on other out of town banks by messenger to the Federal Reserve Bank of Philadelphia for collection. What means were used by the Federal Reserve Bank of Philadelphia to forward these checks for collection to the out of town banks upon which they were drawn did not appear.

 The first question raised by the appellant is whether there was sufficient evidence to support the jury's finding that he participated in the scheme to defraud. After full consideration we think the evidence was sufficient to establish his complicity. As we have seen, the testimony indicated that the appellant was associated with Hart and Haynes and that he supplied them with

the forged check which was used by Haynes in opening the first account in the Industrial Trust Company. The only reasonable inference to be drawn from this evidence, if believed, was that he was a participant in the fraudulent scheme. The appellant's defense was an alibi. The question thus raised was purely one of fact and is concluded by the verdict of the jury.

The next question raised is whether the Government had the burden of showing an intentional use of the mails in connection with the scheme charged and whether it failed to meet that burden. The appellant does not controvert the fact that the mails were used by the South Philadelphia National Bank in the collection of the forged checks from the Chase National Bank of the City of New York. Nor does he seriously contend that he is relieved by the fact that the letters transmitting the checks were actually prepared and mailed by innocent parties, namely, the employees of the bank, since the defendants in depositing the checks in Philadelphia for collection in New York must be held to have caused the letters to be placed in the mails by the bank employees as their agents. United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836; Spear v. United States, 8 Cir., 246 F. 250; Smith v. United States, 5 Cir., 61 F.2d 681; United States v. Guest, 2 Cir., 74 F.2d 730; Corbett v. United States, 8 Cir., 89 F.2d 124.

The appellant contends, however, that it was incumbent on the Government to show that the defendants intended when they devised their scheme to make use of the mails in carrying it out, and that it failed to do so. So far as concerns the first count, which charged a violation of Section 215 of the Criminal Code, 18 U.S.C. § 338, 18 U.S.C.A. § 338, a sufficient answer to this contention is that it is not necessary under the provisions of that section to prove that an intention to use the mails was a part of the original scheme to defraud, it being sufficient to show that a fraudulent scheme was devised by the defendants and that the mails were used in carrying it into effect. United States v. Young, 232 U.S. 155, 34 S.Ct. 303, 58 L.Ed. 548; Silkworth v. United States, 2 Cir., 10 F.2d 711, certiorari denied 271 U.S. 664, 46 S.Ct. 475, 70 L.Ed. 1139; Beck v. United States, 8 Cir., 33 F.2d 107.

So far as concerns the second count, which charged a conspiracy, it may be conceded that an intent to use the mails must be shown. Schwartzberg v. United States, 2 Cir., 241 F. 348. However, we are satisfied that the jury was justified in finding from the evidence in this case that the appellant knew or had reason to believe that the mails would be used in connection with the collection of the forged checks. Spear v. United States, supra; Smith v. United States, supra; United States v. Weisman, 2 Cir., 83 F.2d 470, 107 A.L.R. 293. We think this is especially so since the appellant who was a lawyer must have known of the custom of banks forwarding out of town checks by mail for collection. Spear v. United States, supra. Certainly the transmission of the checks from Philadelphia to New York for collection was an essential part of the scheme. It follows that the Government sustained its burden of proving that the defendants intended to use the mails in carrying out their scheme to defraud.

After the appeal had been taken in this case the appellant made application to this court to remand the case to the District Court for the purpose of enabling it to entertain a motion for a new trial on the ground of newly discovered evidence. Pursuant to this petition we remanded the case and an application for a new trial on the ground of after-discovered evidence was made and heard by the court below. The after-discovered evidence relied upon, however, was not as to the facts at issue in the case, but was merely evidence affecting the credibility of the defendant Haynes who testified for the Government. It consisted of testimony as to statements alleged to have been made by Haynes while confined in prison that he had received certain inducements to testify in favor of the Government. The witness who supplied this evidence was himself an inmate of the same prison with a record of five convictions of felonies. He was obviously himself of very doubtful credibility. The court below after considering the after-discovered evidence refused a new trial and upon a re-argument adhered to this action. We are satisfied that it did not abuse its discretion in so doing.

Judgment affirmed.