## LAMB v. UNITED STATES.

### No. 9617.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1940.

Rehearing Denied Nov. 29, 1940.

E. T. McIlvaine and Dillon Hartridge, both of Jacksonville, Fla., for appellant.

T. Hoyt Davis, U. S. Atty., and H. G. Rawls, Asst. U. S. Atty., both of Macon, Ga., for the appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

W. B. Lamb was indicted for using the mails to defraud. The proper way to test the legal sufficiency of such an indictment is by demurrer, but this was not done. We find, however, that the indictment, which is in three counts, is sufficient in form and substance, and that it charges three separate violations of the mail fraud statute, Section 215 of the Criminal Code, 18 U.S.C.A. § 338. United States v. Behr-

man, 258 U.S. 280, 288, 42 S.Ct. 303, 66 L.Ed. 619; United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836.

During the years 1936, 1937, 1938, and 1939 the University of Georgia, through its Board of Regents, was engaged in erecting several buildings in different parts of Georgia. More than four million dollars was being spent in the building program. A great portion of the building fund was allocated to the University by the United States Public Works Administration. The building projects were under the direct supervision of the Board of Regents of the University of Georgia.

Lamb was employed by the Board of Regents as assistant supervising engineer. His duties consisted of supervising and inspecting the work being performed by various contractors on the several buildings included in the University building program. It was his duty to see that the construction work was being done according to blueprints and specifications furnished by the architects, and according to the terms of the contracts of the various contractors engaged in the work.

While Lamb was acting in the capacity of assistant supervising engineer, and while he was doing supervisory work over the buildings, he went to certain of the contractors and represented to them that he needed money to send representatives to Washington for the purpose of securing additional funds from the Public Works Administration. He also represented that it was necessary for him to have certain funds with which the Board of Regents could and would meet payrolls of other contractors. Certain of the contractors and one of the architects were induced by the fraudulent scheme to deliver sums of money to Lamb which he converted to his own use. Lamb did not have this money turned over to him directly. He directed in each instance that checks be mailed to one C. A. Shepard, Athens, Georgia, who would receive the checks, cash them at a bank where they were mailed for clearance, and then go to the hotel where Lamb lived and turn the money over to him. Lamb's explanation to Shepard for having him receive the checks was that he owed the government large sums of money for income taxes and that he could not put his money in the banks.

The jury convicted Lamb on all three counts of the indictment and the court sentenced him to serve a year and a day in

the reformatory. From this judgment of conviction Lamb has appealed.

It cannot be seriously questioned that Lamb entered into and consummated a fraudulent scheme whereby he obtained sums of money from contractors doing work over which he had the immediate supervisory control. While he made different representations to the persons defrauded, it is clear that he led his victims to believe that in the procurement of the money paid over to him he was acting for and with the consent of the Board of Regents of the University of Georgia. It is not denied that Lamb received the money and that the persons from whom he received it did not owe him money and were in no wise legally or morally obligated to pay money to him. His was an executed scheme to defraud and the mails were used in the consummation of the scheme. It was sufficient to charge and show that Lamb's fraudulent scheme was one that reasonably contemplated the use of the mails. Hart et al. v. United States, 5 Cir., 112 F.2d 128, certiorari denied, 61 S.Ct. 6, 85 L.Ed. ——; Spivey v. United States, 5 Cir., 109 F.2d 181, certiorari denied, 310 U.S. 631, 60 S.Ct. 1079, 84 L.Ed. 1401; United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836; Smith v. United States, 5 Cir., 61 F.2d 681.

The court refused to give six written charges requested by the appellant. We find no error in the refusal of the court to give these charges since each of the good charges was fully covered by the court's oral charge. This is all that is required. Coffin v. United States, 162 U.S. 664, 16 S.Ct. 943, 40 L.Ed. 1109; Schackow and Kuhrig v. Govt. of Canal Zone, 5 Cir., 108 F.2d 625.

The judgment is affirmed.