**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles E. LEGGETT, Defendant-Appellant.**

**No. 12581.**

United States Court of Appeals Seventh Circuit.

June 23, 1959.

Rehearing Denied Sept. 1, 1959.

Charles A. Bellows, Chicago, Ill. (Paul C. Ross, Jason Ernest Bellows, Chicago, Ill., on the brief), for defendant appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill. (D. Arthur Connelly, Asst. U. S. Atty., Chicago, Ill., of counsel), for appellee.

Before SCHNACKENBERG, PARKINSON and CASTLE, Circuit Judges.

PARKINSON, Circuit Judge.

Defendant-appellant Charles E. Leggett, pleading not guilty, was tried to the court on Counts I and II of a three-count indictment. Counts I and II charged Leggett with having unlawfully transported and caused to be transported a "1957 Cadillac Convertible Automobile, Motor Number 5762–026731," from Xenia, Ohio to Chicago, Illinois, on or about December 26, 1957 and January 20, 1958, respectively, knowing it to have been stolen, in violation of 18 U.S.C.A. § 2312. Count

III, dismissed on motion of the Government, charged a violation of 18 U.S.C.A. § 2313.

The District Court found Leggett guilty on both counts and he was given a general sentence of a year and a day. This appeal followed.

Although Leggett states the contested issue to be:

"Whether the evidence introduced by the Government when viewed in a light most favorable to the government was sufficient to prove the defendant guilty beyond all reasonable doubt, of the crime charged.",

there is no question that, on December 25, 1957, he knew that the automobile named in the indictment was a stolen automobile. Thus his claim for reversal is predicated solely upon his contention that the "[e]vidence fails to prove [he] transported or caused to be transported the automobile named in the indictment", and also "fails to prove that the automobile named in the indictment was the one which was transported from Xenia, Ohio, to Chicago, Illinois."

■ The Government does not contend that Leggett actually transported the automobile, i. e., drive it himself from Xenia, Ohio to Chicago, Illinois. Hence the core question is simply whether Leggett caused the automobile named in the indictment to be transported from Xenia, Ohio to Chicago, Illinois on the date charged in either Count I or Count II. Both counts being good and the sentence a general one, wherein the penalty imposed did not exceed that prescribed for either count, the conviction will be upheld if the evidence sufficiently sustains the conviction on either count. United States v. Cephas, 7 Cir., 1959, 263 F.2d 518, 519.

The undisputed evidence is that, on June 29, 1957, Leggett rented the automobile, named in the indictment and titled in the State of Florida, from a car rental agency in Denver, Colorado; that on November 6, 1957, Leggett forged the name of a fictitious owner of a New York State certificate of title to the subject automobile, with the motor number changed, and thereby transferred the counterfeit certificate to Anderson Motor Company, Xenia, Ohio; and that on December 16, 1957, Leggett reported the automobile stolen.

The evidence is also uncontradicted that the automobile in the photographs, Government's Exhibits 1, 2, and 3, is the automobile named in the indictment; that Glenn Roger Finley, Service Manager of Anderson Motor Company, first saw that automobile in Anderson's garage in Xenia, Ohio in August, 1957; that he drove it to Chicago, Illinois on August 15, 1957 and delivered it to Leggett there; that the next time he saw that automobile was again in Anderson's garage the early part of December, 1957; that Donald Eugene Wright came to Anderson's garage in Xenia, Ohio on December 26, 1957 and drove the car to Chicago, Illinois; that he, Finley, knew it was the same car as named in the indictment because there was a crack in the windshield and the ash tray was broken and was laid open just as shown by Government's Exhibit 3.

The trial judge saw and observed the witnesses and heard their testimony. If he believed the witness Finley, the evidence in the record proves beyond a reasonable doubt that Wright transported the automobile named in the indictment from Xenia, Ohio to Chicago, Illinois on December 26, 1957 and Leggett knew it was then a stolen car. Thus the only question remaining open is whether Leggett did or did not cause Wright to so transport the automobile.

Wright testified that in 1957 he was an automobile salesman in Illinois and became acquainted with Leggett in April or May of that year; that in December, 1957, he had a prospective customer for a 1957 Cadillac convertible; that he contacted Leggett and asked him if he knew where he could get one; that Leggett said he would let him know; that the next day or two he called Leggett on another matter and Leggett told him

"that they had a convertible at the Cadillac agency in Ohio"; that Wright called Leggett on Christmas Day and asked Leggett if he could get the car to Chicago and Leggett said "he would try to get somebody to bring the car to [Wright];" that later in the day, when Wright checked back with Leggett, Leggett said he couldn't get anyone to bring the car over and for Wright to "go ahead and get it"; that Wright went to Xenia, Ohio, arrived at Anderson's garage about 8:00 o'clock in the morning of December 26, 1957, picked up the stolen automobile and drove it to Chicago, Illinois, arriving shortly after noon; that he was unable to make the sale to his prospective purchaser; that the following day he drove the car to O'Hare Field in Chicago, as directed by Leggett, gave the keys to Leggett, who met him there and then drove him to his place of employment in Evanston. That is the same car Finley testified that he picked up at O'Hare Field on December 30 or 31, 1957, after getting the keys from Leggett plus $20 "to get back to Xenia, Ohio," and the same car as named in the indictment, as identified by Finley in his testimony.

Leggett recognizes, as indeed he must under 18 U.S.C.A. § 2, that proof beyond a reasonable doubt that he caused the interstate transportation of the named automobile is all that is required.

 Cause means "to bring about; to bring into existence;".[1] It "is a word of very broad import" and "is used in [18 U.S.C.A. § 2(b)] in its well-known sense of bringing about,".[2]

 The facts established by the evidence, direct and circumstantial, are that on December 25, 1957, Leggett knew the automobile named in the indictment was a stolen automobile; that it was in Anderson's garage in Xenia, Ohio; that

Wright, an automobile salesman, had a prospective purchaser for that automobile in Illinois; that a sale by Wright would be beneficial to Leggett; and that to get the stolen automobile from Xenia, Ohio to Chicago, Illinois it had to be transported in interstate commerce in violation of the federal law. Thus when Leggett told Wright, on December 25, 1957, he could "go ahead and get it" and Wright drove that stolen automobile from Xenia, Ohio to Chicago, Illinois the next day, Leggett clearly brought about the unlawful interstate transportation of that stolen automobile and as surely violated 18 U.S.C.A. § 2312 as if he himself had driven the car.

Any comment on the other evidence concerning the transportation of the car from Xenia to Chicago on January 20, 1958, its disappearance and ultimate possession by the Chicago Police on January 23, 1958 is unnecessary as the evidence detailed herein is substantial and more than adequately supports the finding of the District Court that Leggett caused the transportation of the automobile named in the indictment from Xenia, Ohio to Chicago, Illinois on December 26, 1957 as charged in Count I of the indictment.

Leggett claims no error in the trial nor in any of the proceedings below. He was fairly tried and the District Court found him to be guilty under the evidence beyond a reasonable doubt. We are convinced that the finding is adequately supported by substantial evidence. Certainly we cannot conclude as a matter of law that reasonable minds, as triers of the fact, would be in agreement that any reasonable hypothesis other than guilt could be drawn from the evidence. United States v. Holsman, 7 Cir., 1956, 238 F.2d 141, 142.

Judgment affirmed.

---

1. Webster's New International Dictionary, Second Edition.

2. United States v. Kenofskey, 1917, 243 U. S. 440, 443, 37 S.Ct. 438, 439, 61 L.Ed. 836.