Marvin BECKWITH, Appellant,

v.

UNITED STATES of America, Appellee.

Ronald HAYDEN, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 8525, 8526.

United States Court of Appeals
Tenth Circuit.

Oct. 19, 1966.

F. Nelson Pabst, Denver, Colo. (F. Nelson Pabst, Bruce G. McLellan, Denver, Colo., on the brief), for appellants.

Donald Cordova, Denver, Colo. (Lawrence M. Henry, U. S. Atty., Donald Cordova, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, JONES*, and SETH, Circuit Judges.

JONES, Circuit Judge.

The appellants, Marvin Beckwith and Ronald Hayden, along with Albert G. Jones, were charged in an eight count indictment with criminal offenses against the United States. Jones entered a plea of guilty. Beckwith and Hayden were tried on all counts of the indictment. At the trial Counts IV, V and VI were dismissed on motion of the Government, Counts VII and VIII were dismissed on motion of the appellants. The appellants were acquitted on Count I and convicted by a verdict of the jury on Counts II and III. Count II charged the fraudulent offering and sale of stock of Lamartine Mines, Inc., by the use of the mails, to Verner M. Ham, in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C.A. § 77q(a). Count III charged a like offense in the fraudulent offering and sale of stock of Lamartine Mines, Inc., to E. L. Merriman. Beckwith and Hayden have appealed from the conviction and sentence.

It was shown that Albert G. Jones, who was indicted with the appellants, had been the primary planner and organizer of the Lamartine Mine stock selling promotion. In the words of the district judge, "Jones, of course, is the one who concocted the scheme." Jones had entered a plea of guilty and was awaiting sentence at the time of the trial of Beckwith and Hayden. Evidence was admitted that Jones had made and attempted to make sales, by false and misleading representations, of stock of Trabella Uranium Mines, Inc., which by change of name became Lamartine Mines, Inc. The sales and efforts to sell Trabella stock, were made by Jones prior to the earliest date when Beckwith and Hayden were shown to be involved in the enterprise. Evidence was admitted of other statements and transactions of Jones which were made before Beckwith and Hayden were shown to have been in the Lamartine picture. The admission of such evidence is assigned as error. The rule is well settled that when two or more persons have conspired or confederated together to commit a criminal offense, everything said or done by one of them, during the existence of the conspiracy or confederation, and in furtherance of the common design, may be admitted in evidence against the others. Glover v. United States, 10th Cir. 1962, 306 F.2d 594; Beck v. United States, 10th Cir. 1962, 305 F.2d 595, cert. den. 371 U.S. 890, 895, 83 S.Ct. 186, 195, 9 L.Ed.2d 123, 128; Dennis v. United States, 10th Cir. 1962, 302 F.2d 5; Briggs v. United States, 10th Cir. 1949, 176 F.2d 317, cert. den. 338 U.S. 861, 70 S.Ct. 102, 103, 94 L.Ed. 528, reh. den. 338 U.S. 882, 70 S.Ct. 158, 94 L.Ed. 541; Bartlett v. United States, 10th Cir. 1948,

---

* Of the Fifth Circuit, sitting by designation.

166 F.2d 920; Minner v. United States, 10th Cir. 1932, 57 F.2d 506.

■ Much of the testimony as to the doings and sayings of Jones was admitted before any evidence was brought in which linked Beckwith and Hayden with the scheme. In admitting such testimony over objection, the trial court instructed the jury that it could be considered only if the Government was successful in showing, by the production of proof, that Beckwith and Hayden entered into a scheme or plan with Jones to defraud others, and that the court would give further instructions. While testimony as to things done or said by one of the co-actors is admissible if there is evidence that the defendants were active participants in the fraudulent scheme, the court may, in its discretion, permit the proof of participation to follow evidence as to things said and done by the confederate, as was done in the case here. Briggs v. United States, supra; Bartlett v. United States, supra.

■ Some of the testimony which Beckwith and Hayden assert should have been excluded related to acts of Jones prior to the earliest date on which Beckwith and Hayden were identified with the fraudulent scheme. Testimony as to the acts or words of another on a date prior to the time when the defendants are shown to be in the scheme should not be admitted, or if already admitted should be disregarded by the jury. Where, as here, testimony as to the conduct of a co-actor is admitted before the participation of the defendants is shown, an instruction should be given directing the jury to disregard the testimony. United States v. Elgisser, 2nd Cir. 1964, 334 F.2d 103, cert. den. 379 U.S. 879, 881, 85 S.Ct. 148, 151, 13 L.Ed.2d 86, 87. In sending the case to the jury, the court charged that persons who join themselves together and participate in an unlawful scheme become responsible for the acts and declarations of the others; and that before consideration may be given to statements and transactions made out of the defendants' presence as evidence against them, the jury must find that the defendants had knowingly and intentionally participated in the scheme, and that such statements or transactions were made or had in pursuance of the scheme to defraud. The appellants tendered a number of instructions, none of which related to the evidence as to what Jones said and did. When the court had completed its charge to the jury, counsel were asked whether they had any objections to the instructions as given, and counsel for Beckwith and Hayden announced that they had none. There is no reversible error in the admission of the testimony as to the acts and statements of Jones.

■■ The court permitted evidence to go before the jury as to offenses charged by counts of the indictment which had been dismissed. Beckwith and Hayden contend that in so doing prejudicial error was committed. The evidence, of which the appellants complain, related to sales negotiated by them to other persons. While evidence of other and unrelated crimes is not generally admissible, such evidence is admissible where it is of connected offenses or similar acts and incidents and tends to show that the act for which the accused is being tried was not inadvertent, accidental, unintentional or without guilty knowledge. United States v. Ross, 2nd Cir. 1963, 321 F.2d 61, cert. den. 375 U.S. 894, 84 S.Ct. 170, 11 L.Ed.2d 123, citing McCormick, Evidence 329, and 2 Wigmore, Evidence 3rd Ed. 200. Under this principle, no error was committed by the admission of the challenged evidence.

■ It is claimed, on behalf of Beckwith and Hayden, that there was no evidence of any use or intended use of the mails and hence an essential ingredient of the offense was not established. The evidence showed that the stock certificates issued to the purchasers named in Counts II and III of the indictment were delivered to them through the mail. Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even

though not actually intended, he causes the mails to be used. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; United States v. Kenofskey, 243 U.S. 440, 37 S.Ct. 438, 61 L.Ed. 836. The appellants should have contemplated that the mail would be used in delivering the certificates evidencing the stock which they sold and therefore the use of mail element of the offense was established. It may be noted that no objection was made by the appellants to the instruction on the use of the mail which was given by the trial court.

 Beckwith and Hayden assert that the evidence was insufficient to go to the jury and that their motions for a directed verdict of acquittal should have been granted. They say that their statements to prospective purchasers of the stock were given as opinions, expressions of hope and expectation rather than false statements of existing facts. They contend that the evidence shows that they acted in good faith, and that good faith is a defense. The answer to these and other like contentions is that these questions are fact questions. They are issues for jury determination. The jury has considered them under proper instructions, and the evidence, which we need not recite, supports the jury verdict. The judgment of conviction and sentence of the district court is affirmed.

Before the Court is a motion of the appellants for remand to the district court for the purpose of passing upon a motion under Rule 33, Fed.Rules Crim. Proc., filed in that court for a new trial on the ground of newly discovered evidence. The motion for a new trial on the ground of newly discovered evidence, a copy of which is attached to the motion for remand, recites that Albert G. Jones was unavailable as a witness at the trial because he had then entered a plea of guilty but had not been sentenced. A conclusionary statement of Jones exculpating Beckwith and Hayden was attached to the motion for a new trial. This motion also recites as newly discovered evidence a statement of E. L. Merriman whose testimony they would

have considered was not available to the appellants at the trial because, so they say in their motion, the court sustained objections to it when it was tendered. Motions under Rule 33 are addressed to the district court and so we refrain from commenting on the merits of the motion of the appellants. It is enough that we say that nothing appears that requires a delay in disposing of the appeal on its merits.

The appellants' motion to remand is denied. The judgment of the district court is affirmed.